UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BISHOP WILLIAM WILSON ISRAELITE DIVINE SPIRITUAL CHURCH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-7682** |
| **MARKEL INTERNATIONAL INSURANCE COMPANY LIMITED** | **SECTION "L" (2)** |

### ORDER & REASON

Before the Court is Plaintiff's Motion to Remand (Rec. Doc. 6). For the following reasons, this motion IS DENIED.

**I.  BACKGROUND**

This case arises out of a dispute regarding insurance coverage for the Plaintiff's commercial property located at 3000 Frenchmen Street in New Orleans, Louisiana. Plaintiff, Bishop William Wilson-Israelite Divine Spiritual Church, alleges that their property was rendered a total loss as a result of wind and wind driven rain during Hurricane Katrina. They further allege that at the time of Hurricane Katrina, their property was insured by Defendant, Markel International Insurance Company Limited, pursuant to a commercial property policy.

The instant lawsuit was initially filed on September 30, 2009 in Civil District Court for the Parish of Orleans. On December 14, 2009, the Defendant removed the case to this Court. The Defendant alleges that this Court has jurisdiction pursuant 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000.

**II.  PRESENT MOTION**

On January 14, 2010, Plaintiff filed the instant Motion to Remand (Rec. Doc. 6). In its' motion, Plaintiff argues that the Defendant is connected through its' corporate structure to a Lloyd's of London syndicate. Each Lloyd's of London syndicate, they point out, is made up of a

number of subscribers, or "names." In order for the Defendant to meet their burden of establishing that diversity jurisdiction exists, Plaintiff argues that Defendant must establish that none of the names are citizens of Louisiana. Additionally, they argue that the Defendant must prove that the amount in controversy for each name exceeds $75,000.

On January 21, 2010, the Defendant filed a memorandum in opposition to Plaintiff's motion. In their response, Defendant asserts that Plaintiff's motion is based on a faulty premise regarding the Defendant's corporate structure. While both the Defendant and the Lloyd's syndicate at issue here are subsidiaries of Markel Corporation, Defendant argues that the two entities are completely independent. Accordingly, they assert that the citizenship of each individual name is completely irrelevant to this Court's jurisdictional inquiry. Because the Defendant is a foreign corporation, they claim that this Court has diversity jurisdiction over this case.

### III. LAW & ANALYSIS

A defendant may generally remove a civil action filed in state court if the federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). The district court must remand a removed case if at any time before final judgment it appears that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(a). In opposing a motion to remand, the removing defendant bears the burden of demonstrating that federal jurisdiction exists and that removal was therefore proper. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). As a general matter, the removal statute is to be construed narrowly and in favor of remand to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941). Indeed, "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."

*Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). The diversity jurisdiction statute, 28 U.S.C. § 1332, provides that a district court shall have jurisdiction over any civil action in which the parties are of completely diverse citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

In this case, Plaintiff's argument for remand rests on the factual assertion that the Defendant is somehow connected to a Lloyd's of London syndicate. As evidence of this assertion, Plaintiff has offered nothing more than a document from the Defendant's website that graphically depicts the Defendant's corporate structure. This graphic clearly shows that the Defendant and the Lloyd's of London syndicate are distinct entities both of which are subsumed under the Markel Corporation. Furthermore, the Defendant has submitted an affidavit of Joseph C. Gebara, In-House Counsel for the Defendant, and a copy of the insurance policy in this case, which both demonstrate that the Defendant was the Plaintiff's insurer in this case and that the Lloyd's of London syndicate is not connected to this case.

Finally, Judge Duval recently considered the relationship between the Defendant and the same Lloyd's of London syndicate. *Fields v. Markel Ins. Co.*, Case No. 09-6815, 2010 WL 148293, at *2-3 (E.D. La. Jan. 12. 2010). As Judge Duval explained,

> [g]iven the lack of evidence suggesting that Markel International Insurance Co., Ltd. is a Lloyd's syndicate and Mr. Gebara's affidavit expressly stating that Markel International Insurance Co., Ltd. 'is not a Lloyd's syndicate' and 'does not issue or bind policies through Lloyd's and does not otherwise participate in Lloyd's' there is no reasonable basis to conclude that Markel International Insurance Co., Ltd. is affiliated with Lloyd's in any manner that would affect diversity jurisdiction.

*Id.* at *3. The situation in this case is identical to the situation in *Fields*. The evidence presented clearly establishes that the Defendant is a foreign corporation with no connection to Lloyd's of London. Therefore, it is not necessary to consider all of the individual names for purposes of

diversity jurisdiction. The allegations contained within Defendant's Notice of Removal are sufficient to establish this Court's basis for subject matter jurisdiction. Accordingly, Plaintiff's Motion to Remand must be denied.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand (Rec. Doc. 6) IS DENIED.

New Orleans, Louisiana, this 17th day of February, 2010.

_____
UNITED STATES DISTRICT JUDGE