UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BISHOP WILLIAM WILSON-ISRAELITE DIVINE, S.C. | CIVIL ACTION NO.: 09-7682 |
| | JUDGE: FALLON |
| VERSUS | |
| MARKEL INTERNATIONAL | MAGISTRATE: WILKINSON |

## REPLY MEMORANDUM IN SUPPORT OF FRCP 12(b)(6) MOTION TO DISMISS

MAY IT PLEASE THE COURT:

Defendant, Markel International Insurance Company Limited ("Markel"), respectfully submits this Reply Memorandum in Support of FRCP 12(B)(6) Motion to Dismiss to respond to the arguments raised by Plaintiff in its Opposition Memorandum.

Plaintiff does not dispute the untimely filing of any of his individual filings in this matter and the previous proceeding. Instead, Plaintiff relies on a single, narrowly defined putative class action that named Markel as a defendant to support its theory that this suit filed four years after Hurricane Katrina is timely.

As explained below, Plaintiff fails to address the most recent pronouncement from this Court on the class action tolling issue, *Dixey v. Allstate Insurance Company,* 2010 WL 126228 (E.D. La.), which directly contradicts Plaintiff's position. Further, even if Plaintiff could rely on a class action to make his suit timely, Plaintiff's claims do not fall within the class definition found in the putative class action Plaintiff has identified. Finally, Plaintiff never availed himself of the putative class action and instead consistently pursued an individual claim, effectively "opting out" of the putative class action.

**A. Plaintiff's Opposition Omits any Discussion of *Dixey***

The Markel policy in question provides as follows:

> **D. LEGAL ACTION AGAINST US**
>
> No one may bring legal action against us under this Coverage Part unless:
>
> 1. There has been full compliance with all of the terms of this Coverage Part; and
>
> 2. The action is brought thin 2 years after the date on which the direct physical loss or damage occurred. [1]

In *Dixey v. Allstate Insurance Company,* 2010 WL 126228 (E.D. La.), the court found that this type of provision in an insurance contract gives rise to a contractual limitations period rather than a prescriptive period. Therefore, Louisiana Code of Civil Procedure Article 596 does not suspend a contractual limitations period. *Dixey* at 15.

Plaintiff's reliance on La. C.C.P. Art. 596 as interpreted by *Pitts v. Louisiana Citizens Prop. Ins. Corp.,* 4 So. 3d 107 (LA. App. 4 Cir. 1/7/09) is misplaced because the *Dixey* court specifically rejected the *Pitts* rationale and conclusion. Instead, the *Dixey* court correctly pointed out that *Pitts* failed to overrule previous Louisiana state appellate decisions that specifically held that the filing of a class action does not suspend a contractual limitations period under Louisiana law. *Dixey* at 15, ("Katz remains controlling state law," referencing *Katz v. Allstate Ins. Co.,* 2004-1133 (La. App. 4 Cir. 2/2/05), 917 So. 2d 443.

---

[1] See Common Policy Conditions of Markel policy Number DH4317 , found at page 26 of Exhibit 4 attached to Plaintiff's Opposition Memorandum. Documents outside of the pleadings can be considered on a Motion to Dismiss if they are referred to in the plaintiff's complaint and are central to the claim. *Causey v. Sewell Cadillac-Chevrolet, Inc.,* 394 F. 3d 285, 288 (5th Cir. 2004).

Plaintiff did not file the instant suit until September 2009, more than two years after the end of the contractual limitations period found in the Markel policy. Pursuant to *Dixey* and *Katz,* Plaintiff's claims are untimely and should be dismissed with prejudice.

**B. Plaintiff's Claims Do Not Fall Within the Class Definition of *Oberlin Rentals***

Even if Plaintiff could rely on La. C.C.P. Art 596 and *Pitts* as support that the filing of a putative class action suspended the period for Plaintiff to file suit, Plaintiff does not fall within the definition of the sole class action he has identified. La. C.C.P. Art. 596 provides that prescription in suspended upon the filing of a class action "as to all members of the class as defined or described therein." Accordingly, for Plaintiff's claim to be timely under La. C.C.P. Art. 596 and *Pitts,* Plaintiff must show that he was a putative class member of a class action filed before the end of the applicable prescriptive period.

Plaintiff argues that the case of *Oberlin Rentals v. Markel International Insurance Company Limited,* Case 3:07-cv-722, Middle District of Louisiana, served to suspend the prescriptive period for filing suit. The original Petition in *Oberlin Rentals* defined the putative class as Markel policy holders who 1) sustained property damage due to Katrina or Rita; 2) for whom Markel created an estimate memorializing the damage; 3) whose Markel estimate did not calculate the amount for General Contractor overhead and profit on all building trades and/or amounts found in the estimate; 4) who were not paid an amount for sales tax on the materials that the estimate included; or 5) whose Markel estimate did not utilize up to date fair market values to compute the insured losses.[2]

---

[2] See Paragraph 49 of *Oberlin Rentals* Petition attached to Plaintiff's Opposition Memorandum as Exhibit "1."

In February 2008, the court in *Oberlin Rentals* entered a scheduling order requiring plaintiff to file a Motion to Certify as a class action.[3] The scheduling order provided that the motion to certify "shall include proposed definition(s) for the class or classes as well as the particular causes of action on which certification is sought."[4] Plaintiff in *Oberlin Rentals* subsequently filed a Motion to Certify, which requested certification of two "subclasses": 1) Louisiana Markel policy holders whose Katrina or Rita estimates did not include a amount for General Contractor's Overhead and Profit; and 2) Louisiana Markel policy holders whose Katrina or Rita estimates did not include a amount for sales tax for materials.[5]

The *Oberlin Rentals* Motion to Certify expressly narrowed the proposed class definition by eliminating the claim for Markel's alleged failure to use "up to date fair market values." The Plaintiff in *Oberlin Rentals* intentionally abandoned the "below market unit pricing" because Louisiana courts have found that that type of claim is inappropriate for class treatment. See, e.g., *Aguilar v. Allstate Fire and Casualty Ins. Co.,* 2007 WL 734809.

None of Plaintiff's pleadings in this matter allege that Markel failed to pay Plaintiff general contractor overhead and profit, that Markel failed to pay Plaintiff sales tax, or that Markel failed to utilize up to date fair market values in computing Plaintiff's loss. Instead, Plaintiff's allegations in both the Amended Complaint filed in Civil Action Number 2:09-2031 and the state court petition filed in this matter track the general allegations of the *Acevedo* mass joinder suit, which focused on the payment of policy limits by operation of Louisiana's Valued Policy Statute.[6] *Oberlin Rentals* did not involve any allegations regarding Louisiana's Valued Policy Statute.

---

[3] See Scheduling Order Attached hereto as Exhibit "1."
[4] *Id.*
[5] See Memorandum in Support of Motion to Certify filed in *Oberlin Rentals,* attached hereto as Exhibit "2."
[6] See *Acevedo* mass joinder complaint, 2:07-cv-05199, Rec. Doc. 1, attached as Exhibit "2" to Defendant's Motion to

The first and only time Plaintiff ever alleged that Markel "failed to utilize up to date fair market values" is in his Memorandum in Opposition to the current Motion to Dismiss. Even if Plaintiff's argument in his Opposition Memorandum were liberally construed as some sort of amendment to the allegations in his pleadings, Plaintiff's claims would still not fit within the class definition in *Oberlin Rentals* as the "fair market values" portion of the class definition was expressly abandoned in *Oberlin Rentals.*

**C. Plaintiff Opted Out of *Oberlin Rentals***

In concurring with the majority in *Katz v. Allstate Insurance Company,* 2004-1133 (La. App. 4 Cir. 2/2/05), 917 So. 2d 443, Judge Murray opined:

> In addition, Allstate cites federal district court cases from various jurisdictions which hold that a plaintiff who files an independent action *before* a determination on class certification has been made cannot benefit from the tolling of prescription applicable to putative class members under federal law. The underlying rationale for this rule, which is that plaintiff has effectively "opted out" of the class action by filing his own suit, seems to apply to the instant situation as well.  *Katz* at 447-448 (emphasis in the original).

Federal courts have observed that the class action procedure was meant to encourage putative class members to allow the named plaintiffs to pursue their claims for them. *Fezzani, et. al. v. Bear, Sterns, & Co., Inc, et. al.* 384 F. Supp. 2d 618, 632 (S.D.N.Y 2004)(citations omitted). Failing to toll the statute of limitations would force class members to intervene or take other action to protect their rights, and would disenable the efficient function of the class-action system. *Id.*  Thus, tolling the statute of limitations until after a determination on class certification is made means that putative class members are not forced to bring separate suits or seek to intervene in anticipation of certification being denied. *Id.*

---

Dismiss.

Tolling the statute of limitations for those individuals who file separate suits before class certification is determined does nothing to promote judicial efficiency. *Id.* Instead, extending class action tolling to putative class members who file individual lawsuits would simply allow putative class members the benefits of class action tolling free of the concomitant burden; that is, plaintiffs could rely on the class action plaintiffs without having to put their faith in the class representatives to adjudicate their rights. *Fezzani* at 633. "Plaintiffs who choose, as is their right, to pursue separate litigation may not enjoy the benefits of that separate litigation without bearing its burdens. One of the burdens plaintiffs bear is the obligation to commence their actions within the applicable statute of limitations." *In re WorldCom, Inc. Secs. Litig.*, 294 F.Supp.2d 431, 453 (S.D.N.Y.2003). "[T]he class action tolling doctrine is intended to avoid the injustice and judicial inefficiency of requiring putative class members to file individual suits or to lose their claims. It is not intended to be a tool to manipulate limitations periods for parties who, intending all along to pursue individual claims, assert reliance on the proposed class action just long enough to validate their otherwise time barred claims." *Rahr v. Grant Thornton, LLP*, 142 F.Supp.2d 793, 800 (N.D.Tex.2000).

In the current case, Plaintiff never intended to avail himself of the *Oberlin Rentals* class action. Plaintiff originally joined as an individual Plaintiff in the *Acevedo* mass joinder two days before the *Oberlin Rentals* plaintiff filed the class action lawsuit.[7] Plaintiff filed an Amended Complaint in Civil Action Number 2:09-2031 in January 2009 *before* class certification was decided in *Oberlin Rentals*. Plaintiff then filed a state court Petition in the instant matter in

---

[7] See *Acevedo* mass joinder complaint filed August 29, 2007, 2:07-cv-05199, Rec. Doc. 1, attached as Exhibit "2" to Defendant's Motion to Dismiss; see *Oberlin Rentals* Petition filed August 31, 2007, attached to Plaintiff's Memorandum in Opposition as Exhibit "1."

September 2009 *before* class certification was decided in *Oberlin Rentals*. Plaintiff was not even aware of the existence of the *Oberlin Rentals* class action until Markel provided discovery responses to Plaintiff identifying *Oberlin Rentals* in the context of this pending Motion to Dismiss. *See* Markel's Opposition to Motion to Compel and Attached discovery responses, Rec. Doc. 15.

It is evident that Plaintiff intended all along to pursue an individual claims and is now attempting to use the class action tolling doctrine as "a tool to manipulate the limitations period just long enough to validate his otherwise time barred claim." As such, Plaintiff effectively "opted out" of the *Oberlin Rentals* class action by filing his own suit(s) and his individual suit is untimely.

**D.    Conclusion**

The *Dixey* decision directly contradicts Plaintiff's contention that a class action can interrupt the contractual time limitations period contained in the Markel policy at issue. Even if Plaintiff could rely on class action tolling under La. C.C.P. Art. 596, Plaintiff's claims do not fall within the class definition of the identified class action. Finally, Plaintiff opted out of any class action by repeatedly pursuing an individual claim and should not now be allowed to avail himself of the class action tolling doctrine. As such, Plaintiff's claims against Markel in this matter are untimely and should be dismissed, with prejudice.

Respectfully Submitted,

BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC

By:    /s/ Andrew C. Kolb
       JOHN B. DAVIS (La. Bar No. 23025) T.A.
       ANDREW C. KOLB (La. Bar No. 28110)
       450 Laurel Street, 20th Floor
       Baton Rouge, Louisiana 70801
       Telephone: (225) 381-7000
       Facsimile: (225) 343-3612

**ATTORNEYS FOR MARKEL
INTERNATIONAL INSURANCE
COMPANY LIMITED**

## CERTIFICATE OF SERVICE

I hereby certify that on February 23, 2010, a copy of the foregoing Memorandum was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

       /s/ Andrew C. Kolb